### Henry Van Kleek v. Rodolphus Eggleston.

On case made after judgment, only those questions are before this court which appear to have been passed upon by the court below.

Where the entry on a justice's docket does not show the day of service of a summons, and the files are lost, the time of service may be proved by the justice. The statute does not require this fact to be entered on the docket.

A justice's judgment, which appears to have been rendered on a note, cannot be attacked collaterally on the ground that the docket does not show to whom

the note was payable, or whether it was negociable.   The judgment, if unre-
versed, is conclusive upon the parties.

*Submitted on Briefs December 6th.   Decided December 9th.*

Case made after judgment from Lapeer Circuit.

The action was brought upon a judgment, rendered by a justice of the peace of Lapeer county; and upon a trial in said circuit court, judgment was rendered for the defendant in the court below; and the finding of the court upon the trial was, by the stipulation of the parties, turned into a case made, for review.   The following is the finding of the court:

"This cause having been brought on to be tried before the court without a jury, and the respective parties having made their proofs in said cause, and, by their counsel, submitted their arguments — said proofs and allegations and arguments having been duly considered, the following are the facts found by said court in said cause: That a judgment, of which the following is a transcript or copy, was entered upon the docket of Benjamin Thorn, Esq., justice of the peace of said county:

*State of Michigan, County of Lapeer*, ss: Henry Van Kleek
     *v.* Rodolphus Eggleston, and William Eggleston.

Summons issued in the above cause on the 24th September, 1849, made returnable on the 5th day of October, 1849, at 2 o'clock P. M., for trespass on the case, returned personally served on Rodolphus Eggleston, — William Eggleston not found.   Constable James H. Andrews: fee .91.

At a court holden before me, Benj. Thorn, one of the justices of said county, in the town of Dryden, on the 5th day of October, A. D. 1849, parties called, and plaintiff appeared and answered to his name; declared on a note for $57,73.   Defendant not appearing, Moses Sutherland sworn for plaintiff.   After hearing the proofs and allegations, it is considered by the court, now here, that plaintiff in the above cause do recover of said Rodolphus Eggleston the sum of $73,69 of damages, and his costs, taxed at  .  .  $1,67

VAN KLEEK v. EGGLESTON.

| | |
|---|---:|
| Constable, | $0,91 |
| Court fees, | ,76 |
| Damages, | 73,69 |

"It is also found that the files and docket of such justice of peace are lost, and that Benj. Thorn, the justice of the peace, proved that said summons was served on said defendant, Rodolphus Eggleston, at least six days before the return day thereof.

"The conclusions of law on such facts are: that it does not sufficiently appear that the cause of action was one of which the justice had jurisdiction. It did not appear that the note was made payable to the plaintiff, or to the order of any person, or to the bearer; and that therefore the defendant is entitled to a judgment for costs to be taxed."

*M. E. Crofoot*, for plaintiff in error.

*J. R. White* and *A. B. Maynard*, for defendant in error.

CAMPBELL J.:

This cause comes up for review on case made after judgment from the Lapeer Circuit Court.

Suit was brought in the circuit court upon a justice's judgment, rendered in favor of Van Kleeck against Eggleston, before Benjamin Thorn, justice of the peace. The justice's docket and files were lost, but proof was made of its contents, whereby it appeared that a suit was commenced before him by summons, which was returned personally served, and that on the return day, the defendant not appearing, the plaintiff declared upon a note for $57,73. A witness was sworn, and after hearing the proofs and allegations, the justice rendered judgment for the plaintiff for $73,69 damages, besides costs of suit. Proof was made by the justice that the summons was served six days before the return day.

The circuit judge rendered judgment against the plaintiff, on the ground that it did not appear that the cause of

action was one of which the justice had jurisdiction, and that it did not appear that the note was made payable to the plaintiff, or to the order of any person, or to bearer.

The objection which is made by the defendant in error, that it does not appear that the justice of the peace had jurisdiction over the *party*, for want of adequate proof of service of summons six days before the return day, does not properly arise in this court, because the case made does not show that the circuit court passed upon this question. If, however, we can regard the case as pointing to it, we are satisfied the objection has no force. In the absence of the original files, the judgment was proved to the satisfaction of the circuit court, by secondary evidence; and the fact of a sufficient length of service was also proved. We do not perceive how any more could be done. The court having found the necessary facts to give the justice jurisdiction, it was erroneous to find that he had none. The objection that the date of service of the summons should have appeared on the transcript of the docket, is not tenable. The statute did not require it to be entered there at all. — *R. S. of* 1846, *p.* 412. It would only appear by the return, and when that is lost, it may be proved, as was done here, by secondary evidence of any kind.

The justice's court having obtained jurisdiction over the defendant, and the declaration being assumpsit upon a note, for an amount within the cognizance of a justice, we think it would be a violent assumption, in an action on a judgment which was never appealed from, to entertain the idea that the justice gave judgment upon proof of a note on which the defendant was not liable to the plaintiff. Such questions must be disposed of upon an original trial, and the judgment, if unreversed, concludes them.

Judgment must be entered for the plaintiff in error, for the amount recovered before the justice, with interest, and costs of the circuit and of this court.

The other Justices concurred.